**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| Genaville LLC,<br>Plaintiff,<br>v.<br>Fanatics, Inc.,<br>Defendant. | CASE NO. 2:15-cv-868<br>Jury Trial Demanded<br>**(CONSOLIDATED CASE)** |
| Genaville LLC,<br>Plaintiff,<br>v.<br>AT&T, Inc., et al.,<br>Defendants. | CASE NO. 2:15-cv-863<br>Jury Trial Demanded<br>**(LEAD CASE)** |

**DEFENDANT FANATICS INC.'S ANSWER, DEFENSES, AND**
**COUNTERCLAIMS TO GENAVILLE'S LLC'S COMPLAINT**

Defendant Fanatics, Inc. ("Fanatics" or "Defendant") responds to Plaintiff Genaville LLC's ("Genaville" or "Plaintiff") Complaint for Patent Infringement (the "Complaint") as follows:

**PARTIES**

1. Fanatics is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 and therefore denies them.

2. Fanatics admits that it is a corporation organized under the laws of the State of Delaware, with a principal place of business located at 5245 Commonwealth Ave., Jacksonville, FL 32254. Fanatics states that its registered agent for service of process in Delaware is Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, DE 19808.

**JURISDICTION AND VENUE**

3. Fanatics admits that the Complaint purports to bring an action for patent infringement arising under the patent laws of the United States, but denies that Genaville has any viable claim thereunder. Fanatics further admits that this Court has jurisdiction over the subject matter of Genaville's Complaint, but denies the legal sufficiency of Genaville's claims and allegations.

4. Fanatics admits that it transacts business in the State of Texas, but denies the remaining allegations of Paragraph 4.

5. Fanatics admits that it transacts business in this District, but denies the remaining allegations of Paragraph 5.

**COUNT I**
**(Alleged Infringement of U.S. Patent No. 5,999,927)**

6. Fanatics admits that what purports to be a copy of the 927 Patent was attached as Exhibit A to the Complaint. Fanatics denies that the 927 Patent was duly issued by the United States Patent and Trademark Office on December 7, 1999. Fanatics is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 6 and therefore denies them.

7. Fanatics admits that it maintains a website located at http://www.fanatics.com. Fanatics is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7 and therefore denies them.

8. Denied.

9. Denied.

**PLAINTIFF' PRAYER FOR RELIEF**

Fanatics denies that Genaville is entitled to any of the relief requested in its Prayer for Relief. To the extent that paragraphs 10-12 under Genaville's Prayer for Relief are interpreted to contain any factual allegations, Fanatics denies them.

**GENERAL DENIAL**

Except as expressly admitted here, Fanatics denies each and every allegation contained in Genaville's Complaint.

**AFFIRMATIVE DEFENSES**

Pursuant to Federal Rule of Civil Procedure 8(c), and without assuming any burden that it would not otherwise bear, and reserving its right to assert additional defenses, Fanatics asserts the following defenses to Genaville's Complaint:

**First Affirmative Defense**

Genaville's Complaint fails to state a claim upon which relief can be granted against Fanatics.

**Second Affirmative Defense**

Fanatics has not infringed and does not infringe the 927 Patent literally, directly, indirectly, contributorily, by way of inducement, and/or under the doctrine of equivalents.

**Third Affirmative Defense**

The 927 Patent is invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**Fourth Affirmative Defense**

Genaville's claims are barred by the doctrine of unclean hands and/or patent misuse and/or unenforceability.

**Fifth Affirmative Defense**

Genaville's claims are barred by the doctrines of laches and/or equitable estoppel.

**Sixth Affirmative Defense**

Genaville's claims are barred by the doctrine of prosecution laches.

**Seventh Affirmative Defense**

Genaville's claims are barred by prosecution history estoppel.

**Eighth Affirmative Defense**

Any claim by Genaville for damages is statutorily limited by 35 U.S.C. §§ 286 and 287.

**RESERVATION OF RIGHTS**

Fanatics reserves any and all rights to amend its Answer and Defenses to Genaville's Complaint and to add additional defenses or counterclaims that discovery may reveal.

**PRAYER FOR RELIEF**

Fanatics respectfully requests that Genaville's Complaint be dismissed with prejudice, that this case be found exceptional under 35 U.S.C. § 285, and that Fanatics be awarded its reasonable attorney fees, costs, and such further relief as the Court may deem just and proper.

## COUNTERCLAIMS

Defendant/Counterclaimant Fanatics, Inc. ("Fanatics") asserts the following counterclaims against Plaintiff/Counterdefendant Genaville LLC ("Genaville"):

## NATURE AND BASIS OF THE ACTION

1. This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the United States Patent Act, 35 U.S.C. § 1 *et seq*. Fanatics requests declarations that: (i) it does not infringe any valid, enforceable claim of the 927 Patent; and (ii) the 927 Patent is invalid.

## THE PARTIES

2. Fanatics is a corporation organized under the laws of the State of Delaware with a principal place of business in Jacksonville, Florida.

3. Upon information and belief, Genaville is a limited liability organized under the laws of the State of Texas and has its principal place of business at 1400 Preston Road, Suite 478, Plano, Texas 75093.

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction over Genaville by virtue of the fact that Genaville has submitted to the jurisdiction of this Court by bringing the instant action.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391, and 1400(b).

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, and 1338(a), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

**COUNTERCLAIM I**
**(Declaratory Judgment of Non-Infringement of the 927 Patent)**

7. Fanatics incorporates by reference the allegations of Paragraphs 1-6 above as if fully repeated and restated herein.

8. Upon information and belief, Genaville purports to be the owner by assignment of the 927 Patent, entitled "Method and Apparatus for Information Access Employing Overlapping Clusters."

9. There is an actual and justiciable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1 *et seq.*, concerning Fanatics' non-infringement of the claims of the 927 Patent.

10. Fanatics is entitled to a judicial declaration that it has not and does not infringe directly or indirectly, by inducement or by contribution, or under the doctrine of equivalents, any valid, enforceable claim of the 927 Patent.

**COUNTERCLAIM I**
**(Declaratory Judgment of Invalidity of the 927 Patent)**

11. Fanatics incorporates by reference the allegations of Paragraphs 1-10 above as if fully repeated and restated herein.

12. Upon information and belief, Genaville purports to be the owner by assignment of the 927 Patent, entitled "Method and Apparatus for Information Access Employing Overlapping Clusters."

13. There is an actual and justiciable controversy between the parties concerning the validity of the 927 Patent asserted against Fanatics for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

14. Upon information and belief, all claims of the 927 Patent are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq*., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

15. Fanatics is entitled to a judicial declaration and order that the 927 Patent is invalid.

## EXCEPTIONAL CASE

To the extent this is an exceptional case under 35 U.S.C. § 285, Fanatics is entitled to recovery of Fanatics' attorney fees and costs incurred in connection with this action from Genaville.

## PRAYER FOR RELIEF

WHEREFORE, Fanatics requests judgment in its favor and against Genaville as follows:

(i) Genaville recovers nothing and its Complaint be dismissed with prejudice;

(ii) The Court declare that Fanatics has not and does not infringe directly or indirectly, by inducement or by contribution, or under the doctrine of equivalents, any claim of the 927 Patent;

(iii) The Court declare and order that the 927 Patent is invalid;

(iv) The Court find this case to be exceptional pursuant to 35 U.S.C. § 285 and award Fanatics its reasonable attorney fees in this action;

(v) All costs be taxed against Genaville; and

(vi) Fanatics be granted such other and further relief as the Court deems just and proper.

Dated: September 9, 2015

By: */s/ Holly H. Saporito*

Holly H. Saporito (GA Bar No. 142496)
holly.saporito@alston.com
Joshua M. Weeks (GA Bar No. 545063)
joshua.weeks@alston.com
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, GA 30309
Phone: 404-881-7000
Fax: 404-881-7777

***Attorney for Defendant Fanatics, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of September, 2015, a true and correct copy of Defendant Fanatics, Inc.'s Answer, Defenses, and Counterclaims to Genaville LLC's Complaint was served upon all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF System per Local Rule CV-5(a)(3).

By: */s/ Holly H. Saporito*
Holly H. Saporito