**THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| Genaville LLC, *Plaintiff*,<br><br>v.<br><br>AT&T Services Inc., *Defendant*. | Civil Action No. 2:15-cv-863-JRG<br>(LEAD CASE)<br><br>JURY TRIAL DEMANDED<br><br>PATENT CASE |
| OpticsPlanet, Inc., *Defendant*. | Civil Action No. 2:15-cv-885-JRG-RSP |

## PLAINTIFF GENAVILLE LLC'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AGAINST OPTICSPLANET, INC.

This is an action for patent infringement in which Genaville LLC ("Genaville" or "Plaintiff") makes the following allegations against OpticsPlanet, Inc. ("OpticsPlanet" or "Defendant"):

## PARTIES

1. Plaintiff Genaville is a limited liability company organized under the laws of the State of Texas and has its principal place of business at 1400 Preston Road, Suite 478, Plano, Texas, 75093.

2. On information and belief, Defendant OpticsPlanet is a corporation organized and existing under the laws of the State of Illinois, with a principal place of business located at 3150 Commercial Avenue, Northbrook, Illinois 60062. Defendant may be served via its registered agent for service of process: Serge Biberman, 150 S Wacker Dr., Ste. 1600, Chicago, Il 60606.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331

and 1338(a).

4. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b). On information and belief, Defendant has transacted business in this district, and has performed at least a portion of the infringements alleged herein in this district.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 5,999,927**

6. Plaintiff Genaville is the owner by assignment of United States Patent No. 5,999,927 ("the '927 Patent") titled "Method and Apparatus for Information Access Employing Overlapping Clusters." The '927 Patent was duly issued by the United States Patent and Trademark Office on December 7, 1999. A true and correct copy of the '927 Patent is attached as Exhibit A.

7. On April 24, 1998, John W. Tukey and Jan O. Pedersen (collectively, "Applicants") filed divisional patent application no. 09/065,828 ("the '828 Application") with the United States Patent and Trademark Office ("the PTO"). The '828 Application was duly vetted by patent examiner, Paul R. Lintz, at the PTO. The PTO vetting included reviewing the '828 Application for compliance with 35 U.S.C. § 101. After the PTO completed its vetting, the PTO found that the '828 Application complied with all requirements for a United States patent. The PTO issued the '828 Application as the '927 Patent on December 7, 1999.

8. The PTO classified the ’927 Patent in international class G06F 17/30 and U.S. class 707/5. These classes are for inventions related to electrical digital data processing technologies. Neither international class G06F 17/30 nor U.S. class 707/5 are related to business methods.

9. Pursuant to 35 U.S.C. § 282, the ’927 Patent is presumed valid.

10. The ’927 Patent is a technical patent. Accordingly, a person of ordinary skill in the art for the ’927 Patent would have a bachelor’s degree in computer science, computer engineering or equivalent work experience, and at least four years of experience in computer systems and applications design and development.

11. The ’927 Patent and its claims, as understood by a person of ordinary skill in the art having reviewed the ’927 Patent and its file history (a “PHOSITA”), are directed at to solving problems in the art of computerized searching and organization of documents. More particularly, the ’927 Patent and its claims, as understood by a PHOSITA, relate to computerized systems that implement technical functionality that enables the organization and presentation of documents. When the invention of the ’927 Patent is implemented, voluminous information is transformed into a more usable form.

12. A PHOSITA would understand that the claims of the ’927 Patent require the use of a specially programmed computer(s) implementing the invention patented in the ’927 Patent. For example, the PHOSITA would generally understand that practicing the ’927 Patent requires a specially programmed computer with a processor, a specially programmed database, and a specially programmed user interface. The user interface would be specially programmed to receive a query from a user and pass it to the processor. The process would run specialized software that structures unclustered documents in response to the query. The process would

further structure the unclustered documents into overlapping clusters and then determine a summary of the overlapping clusters. Finally, the clusters may be presented to a user using a user interface.

13. For example, the ’927 Patent discloses a preferred, technical algorithm for a PHOSITA to implement the invention of the ’927 Patent, e.g. (Fig. 4):




14. In order for a PHOSITA to practice the invention of the ’927 Patent, the PHOSITA would have to, *inter alia*, implement the above algorithms or similar using software. Such an implementation would transform a generic computer(s) into a specially programmed computer(s). Because such a specially programmed computer(s) provides functionality not present in a generic computer, a PHOSITA would understand that a specially programmed computer(s) in accordance with the invention of the ’927 Patent is a technological improvement over a generic computer.

15. In fact, today, specialized software providing document search and navigation functionality that implements the invention of the ’927 Patent are sold by certain technology

companies for valuable consideration. However, at the time of the invention of the ’927 Patent, no such specialized software was commercially available.

16. Further, a PHOSITA would understand that the claims of the ’927 patent could not practiced by human interaction alone, nor merely using a generic computer.

17. Still further, a PHOSITA would understand that there are alternate ways of retrieving and organizing documents that are not covered by the claims of the ’927 Patent.

18. Upon information and belief, Defendant makes, uses, operates, and makes available to the public, directly or through intermediaries, a website and related systems that are, and were during the term of the ’927 Patent, accessible to the public via the URL at http://www.opticsplanet.com/ (“the Accused Instrumentality”).

19. Upon information and belief, the Accused Instrumentality performs the computerized method, operating in a digital computer, for searching a corpus of unclustered documents, comprising the steps of: preparing, in response to a query, an initial structuring of the unclustered corpus into a plurality of primary overlapping clusters, wherein at least two of the plurality of primary overlapping clusters contain a document in common; and determining a summary of the plurality of primary overlapping clusters prepared by said initial structuring of the corpus.

20. Upon information and belief, Defendant has infringed the ’927 Patent during its term in the State of Texas, in this district, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, operating, and making available to the public the Accused Instrumentality that performed the methods and/or used the systems covered by at least claim 1 of the ’927 Patent to the injury of Plaintiff. Defendant has directly infringed, literally and/or under the doctrine of equivalents, the ’927 Patent during the term of the ’927

Patent. Defendant and is thus liable for infringement of the ’927 Patent pursuant to 35 U.S.C. § 271.

21. Defendant has had actual knowledge of the ’927 Patent since at least the filing of the original complaint in this action.

22. On information and belief, Defendant has and continues to indirectly infringe one or more claims of the ’927 Patent by inducing others (e.g., its employees, customers, and end-users) to directly infringe in violation of 35 U.S.C. § 271(b) since at least the filing of the original complaint in this action.

23. On information and belief, Defendant has induced others and continues to induce others, including but not limited to Defendant’s employees, customers, and end-users, to infringe the ’927 Patent in violation of 35 U.S.C. § 271(b) by taking active steps to encourage and facilitate direct infringement by others with knowledge of that infringement, such as, upon information and belief, by, among other things, directly or through intermediaries, making, using, operating, and making available to the public the Accused Instrumentality that performs the method covered by at least claim 1 of the ’927 Patent when used as intended by Defendant’s employees, customers, and end-users. Defendant’s employees, customers, and end-users who use the Accused Instrumentality directly infringe the claims of the ’927 Patent. Since at least the filing of the original complaint in this action, Defendant has had actual knowledge of the ’927 Patent and has known that the use the Accused Instrumentality by its employees, customers, and end-users constituted direct infringement of the ’927 Patent. Despite Defendant’s actual knowledge of the ’927 Patent and the knowledge that its employees, customers, and end-users infringed, Defendant continued to, and still continues to, actively encourage, assist, induce, aid, and abet its employees, customers, and end-users to directly infringe by using the Accused

Instrumentality that is covered by one or more claims of the ’927 Patent.

24. On information and belief, even though Defendant has been aware of the ’927 Patent and that its employees, customers, and end-users infringe the ’927 Patent since at least the filing of the original complaint in this litigation, to date Defendant has neither made any changes to the functionality, operations, marketing, sales, technical support, etc. of the Accused Instrumentality to avoid infringing the ’927 Patent, nor has Defendant informed its employees, customers, or end-users how to avoid infringing the ’927 Patent. On information and belief, Defendant itself is unaware of any legal or factual basis that its actions solely, or in combination with the actions of its employees, customers, and end-users, do not constitute direct or indirect infringement of the ’927 Patent. To date, on information and belief, Defendant has not obtained or requested any opinion of counsel relating to the validity, scope, interpretation, construction, enforceability, unenforceability, or the infringement or potential infringement of any claim of the ’927 Patent.

25. As such, on information and belief, despite the information Defendant gleaned from the original complaint in this action, Defendant continues to specifically intend for and encourage its employees, customers, and end-users to use the Accused Instrumentality in a manner that infringe the claims of the ’927 Patent. In addition, since at least the filing of the original complaint in this action, on information and belief, Defendant has deliberately avoided taking any actions (e.g., obtaining opinion of counsel, designing around, or providing notice to its customer) to avoid confirming that its actions continue to specifically encourage its employees, customers, and end-users to use the Accused Instrumentality in a manner that infringe the claims of the ’927 Patent.

26. Defendant’s actions of, *inter alia*, making, using, operating, and making available

the Accused Instrumentality patented under the ’927 Patent constitute an objectively high likelihood of infringement of the ’927 Patent, which was duly issued by the United States Patent and Trademark Office and is presumed valid. Since at least the filing of the original complaint, Defendant is aware that there is an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the ’927 Patent and that the ’927 Patent is valid. Despite Defendant’s knowledge of that risk, on information and belief, Defendant has not made any changes to the relevant operation of its products and/or services and has not provided its employees, users, and/or customers with instructions on how to avoid infringement of the ’927 Patent. Instead, Defendant has continued to, and still is continuing to, among other things, make, use, operate, and make available to the public the Accused Instrumentality that is patented under the ’927 Patent. As such, Defendant willfully, wantonly and deliberately infringed and is infringing the ’927 Patent in disregard of Plaintiff’s rights.

27. As a result of Defendant’s infringement of the ’927 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant’s infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Genaville respectfully requests that this Court enter:

28. A judgment in favor of Plaintiff that Defendant has infringed, either literally and/or under the doctrine of equivalents, the ’927 Patent;

29. A judgment that Defendant willfully infringed the ’927 Patent;

30. A judgment and order for treble damages pursuant to 35 U.S.C. § 284;

31. A judgment and order requiring Defendant to pay to Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant’s infringement of the ’927

Patents as provided under 35 U.S.C. § 284;

32. A judgment and order that this case is exceptional and requiring Defendant to pay Plaintiff reasonable experts' fees and attorneys' fees pursuant to 35 U.S.C. § 285; and

33. Any and all other relief as the Court may deem appropriate and just under the circumstances.

**DEMAND FOR JURY TRIAL**

Plaintiff Genaville, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

DATED September 24, 2015.

Respectfully submitted,

By: */s/ Jaspal S. Hare*

Jaspal S. Hare (lead counsel)
Texas Bar No. 24083135
Jaspal.Hare@solidcounsel.com

David B. Dyer
Texas Bar No. 06313500
David.Dyer@solidcounsel.com

Bryan R. Haynes
Texas Bar No. 09283520
Bryan.Haynes@solidcounsel.com

**Scheef & Stone L.L.P**
500 North Akard, Suite 2700
Dallas, TX 75201
Tel: (214) 706-4200
Fax: (214) 706-4242

**ATTORNEYS FOR PLAINTIFF GENAVILLE LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on Thursday, September 24, 2015 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Jaspal S. Hare*
Jaspal S. Hare