UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| Genaville LLC, *Plaintiff*,<br><br>v.<br><br>AT&T Services, Inc., *Defendant*. | Civil Action No.  2:15-cv-863-JRG<br>(LEAD CASE) |
| Etsy, Inc., *Defendant*. | Civil Action No.  2:15-cv-866-JRG |
| L.L. Bean, Inc., *Defendant*. | Civil Action No.  2:15-cv-875-JRG |

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO
DEFENDANTS MOTIONS TO DISMISS/TRANSFER AND MOTIONS TO STAY**

Plaintiff Genaville LLC ("Plaintiff" or "Genaville") herby requests that the Court enter an Order extending the deadlines by three (3) days for Genaville to respond to Defendant Etsy, Inc.'s ("Etsy") and Defendant L.L. Bean, Inc.'s ("Bean") (collectively, "Defendants") Motions to Dismiss or, in the Alternative, Motions to Transfer (Consol. Dkt. Nos. 77 and 73), and seven (7) days for Genaville to respond to Defendants Motion to Stay (Consol. Dkt. Nos. 78 and 74).  The current deadlines for the responses are October 13, 2015, and the new deadlines for the responses to the Motions to Dismiss or, in the Alternative, Motions to Transfer would be October 16, 2015.  The new deadlines for the responses to the Motions to Stay would be October 20, 2015.

Good cause exists here because, *inter alia:*

1. the serious nature of these case-dispositive motions requires rigorous factual and legal analysis;

2. Defendants have informed Genaville that they intend to file for *mandamus* if their motions are denied, making their motions even more serious;

- 2 -

3. Defendants have refused to provide basic discovery (e.g., sales information related to personal jurisdiction), and thus forcing Genaville to do extensive time-consuming research from public sources, the fruits of which will be shown to be very relevant;

4. counsel for Genaville has been diligent (including working this past Saturday, Sunday, and Columbus day) and has completed a 30-page draft response to Bean's Motion to Dismiss/Transfer that rigorously analyzes relevant case law and facts and will have over a dozen exhibits attached thereto;

5. in contrast, Defendants' Motions to Dismiss/Transfer are a meager 14½-pages each and, as will be shown once Genaville's responses are filed, merely present boilerplate legal and factual analysis that is deficient (e.g., fails to cite and distinguish case law from this District and entirely ignores basic factual information, such Defendants connections to Texas for personal jurisdiction and any inconvenience to Genaville from transfer);

6. Genaville's productivity has been substantially hampered recently as its lead counsel has had to make four trips to the dentist in the last two weeks, including two in the last two days, for medical treatment.

7. although generally the burden is not on Genaville, Genaville has been forced to do its best to build a complete record here that will withstand *mandamus*, which combined with the above reasons has required much more attorney time than normal;

8. Genaville needs additional time to finalize its response to LL Bean's Motion to Dismiss/Transfer, organize and label the over a dozen exhibits, and complete its quality control procedures;

- 3 -

9. Genaville needs additional time to file its response under seal as its response contains sensitive, medical information;

10. Genaville needs additional time to rework its Bean response into a proper response to Etsy's Motion to Dismiss/Transfer; and

11. Furthermore, Genaville has been diligent and completed a draft response to the Motions to Stay, but still needs additional time to revise and make it consistent with the other responses.

This request is not made for the purposes of delay, but in order to allow counsel to properly respond.

Accordingly, good cause exists for granting this motion. A proposed order granting this motion is attached.

- 4 -

DATED October 13, 2015.                          Respectfully submitted,

                                                      */s/ Jaspal S. Hare*
By:_____

Jaspal S. Hare (lead counsel)
Texas Bar No. 24083135
Jaspal.Hare@solidcounsel.com

David B. Dyer
Texas Bar No. 06313500
David.Dyer@solidcounsel.com

Bryan R. Haynes
Texas Bar No. 09283520
Bryan.Haynes@solidcounsel.com

**Scheef & Stone L.L.P**
500 North Akard, Suite 2700
Dallas, TX 75201
Tel: (214) 706-4200
Fax: (214) 706-4242

**ATTORNEYS FOR PLAINTIFF GENAVILLE LLC**

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that lead counsel for Plaintiff Genaville, Mr. Jaspal S. Hare, conferred via email with lead counsel for Defendants, Mr. Peter Brann, on Tuesday, October 13, 2015, regarding this motion. Mr. Hare informed Mr. Brann via email of the following:

> We are going to need an extension for our responses here as follows:
> 1. 1 day for responding to LL Bean's MTD/tfer;
> 2. 3 days for responding to Etsy's MTD/tfer; and
> 3. 7 days for responding to both motions to stay.
>
> Good cause exists here because, *inter alia*:
> 1. Defendants intend to file for mandamus which makes these motions very serious;
> 2. no discovery has been provided so we have had to do extensive research from public sources;
> 3. Genaville has been diligent (including working on this past Saturday, Sunday, and Columbus day) and has completed a 30-page draft response to LL Bean's motions, which will have attached over a dozen exhibits;
> 4. this response has required a rigorous analysis that will hold up to a mandamus challenge, which has require much more time and effort;
> 5. Genaville needs additional time to finalize that draft, organize exhibits, etc.;
> 6. Genaville needs additional time to file its response under seal;
> 7. Genaville needs additional time to rework its LL Bean draft response into a response to Etsy's MTD/tfer;
> 8. Genaville has been diligent and completed a draft response to the motions to stay, but needs additional time to revise it and make it consistent with the other responses; and
> 9. lead counsel for Genaville has had to make multiple trips to the dentist in the last two days, and this dental issue substantially hamper productivity.
>
> Let me know if you oppose.

Mr. Brann responded via email as follows:

> We oppose this latest request. We agreed to your prior requests, and you've had the substance of these motions for quite some time. Also, the court has denied a motion to transfer in at least one case in part because the defendant granted too many enlargements and thus wasn't serious about litigating the motion. Since I'm at the dentist myself, I sympathize, but must object.

Mr. Brann and Mr. Hare subsequently conferred via telephone on the same day.  Mr. Hare informed Mr. Brann that: if Defendants opposed, Genaville would need more than one day to complete the Bean response as Mr. Hare be would spending substantial time working this motion for extension instead of Genaville's substantive responses.  Mr. Hare also proposed that: if Defendants did not oppose this extension, then Genaville would not use the unopposed extension against them.  This offer was refused, and Mr. Brann confirmed that Defendants still opposed.  Mr. Hare asked if Defendants had any other reasons for opposing, Mr. Brann stated also because of the reasons stated in Defendants Motions to Stay.

*/s/ Jaspal S. Hare*
Jaspal S. Hare

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on Tuesday, October 13, 2015 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Jaspal S. Hare*
Jaspal S. Hare